IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H. WAYNE MEACHUM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:13-CV-2322-N (BF) |
| THE BANK OF NEW YORK MELLON TRUST COMPANY N.A. f/k/a THE BANK OF NEW YORK TRUST COMPANY, | § § § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This civil action arising out of foreclosure proceedings initiated against Plaintiff's home is before the Court on cross-motions for summary judgment. For the following reasons, Defendant's motion should be granted in part and denied in part, and Plaintiff's motion should be denied.

**Background**

Plaintiff H. Wayne Meachum ("Plaintiff") purchased the Oak Cliff home that is the subject of this litigation (the "Property") in 1976. Def. MSJ App. (Doc. 20) at 3-4, 291. In 2004, Plaintiff refinanced his mortgage with a home equity loan (the "Loan") from Homecomings Financial Network, Inc. ("HFN"). *See* Pl. MSJ App. (Doc. 21), Ex. 2 at 1, ¶ 2. In connection with the Loan, Plaintiff executed a promissory Note (the "Note") in the amount of $246,000 in favor of HFN and a Texas Home Equity Security Instrument (the "Deed of Trust") securing the Note. Pl. MSJ App., Ex. 1 & 3. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary and nominee for HFN. Pl. MSJ App., Ex. 1 at 2. MERS assigned the Note

1

and Deed of Trust to JPMorgan Chase Bank ("JPMC"), as Trustee, which, in turn, assigned the Note and Deed of Trust to Defendant The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. Successor to JP Morgan Chase Bank, N.A., as Trustee for RASC 2004-KS8 ("Defendant"). Def. MSJ App. at 59-61.

Plaintiff defaulted on the Loan in 2005. Def. MSJ App. at 19, ¶ 13; Pl. MSJ Ap., Ex. 2 at ¶ 3. On November 17, 2005, Plaintiff's loan servicer sent him a notice of default and intent to accelerate. Def. MSJ App. at 63-64; Pl. MSJ Ap., Ex. 5. Two months later, on January 17, 2006, the Note holder accelerated the balance due on the Loan (the "2006 Acceleration"), and MERS filed an Application for an order allowing foreclosure pursuant to Tex. R. Civ. P. 736.[1] Def. MSJ App. at 19, ¶ 15; Pl. MSJ App., Ex. 2A at 2, ¶ 4.d. JPMC filed another Rule 736 Application in May 2006 (the "2006 Foreclosure Action"). Def. MSJ App. at 19, ¶ 15; Def. MSJ App. at 66-68. The state court granted JPMC's Application on September 26, 2006. Def. MSJ App. at 237-38; Pl. MSJ App., Ex. 7.

Plaintiff then embarked on a lengthy campaign to prevent the foreclosure of the Property. He filed a state court lawsuit (the "2006 Lawsuit") seeking a declaratory judgment that JPMC and HFN did not have the right to foreclose on the Property due to deficiencies in the Note and Deed of Trust and because certain provisions of the Deed of Trust violated the Texas Constitution. *See* Def. MSJ App. at 240-43, ¶¶ 4.2-4.5. In November 2007, the state court granted JPMC and HFN's motion for summary judgment and dismissed with prejudice all of Plaintiff's claims and causes of action. Def. MSJ App. at 245. Plaintiff filed a motion for new trial, and, when the state court denied

---

[1] Home equity loans in Texas may be foreclosed upon only by a court order. *See* Tex. Const., art. XVI, § 50(a)(6)(D); TEX. R. CIV. P. 735. Rule 736 of the Texas Rules of Civil Procedure sets forth the procedures and requirements for seeking an expedited order of foreclosure of a home equity loan. *See* TEX. R .CIV. P. 736.

2

his motion, *see* Def. MSJ App. at 247, he appealed. Plaintiff later filed a suggestion of bankruptcy, and the state court abated Plaintiff's appeal from April 25, 2008 to August 18, 2009. *See* Def. MSJ App. at 249-50. The court of appeals ultimately affirmed the trial court judgment on February 11, 2011. Def. MSJ App. at 252-58. Plaintiff filed a motion for rehearing, which was denied, Def. MSJ App. at 260, and also attempted to appeal to the Texas Supreme Court. When the Supreme Court denied his petition for review, Plaintiff filed a motion for rehearing, which was denied on January 6, 2012.

While the appeal of the 2006 Lawsuit was pending, Defendant and its mortgage servicer initiated other actions to enforce the Note and Deed of Trust. For example, the servicer sent new notices of default and/or notices of acceleration to Plaintiff in 2008 and 2009, and Defendant filed at least two new Rule 736 Applications. Def. MSJ App. at 70-71, 73-112, 114-15, 117-64; Pl. MSJ App., Ex. 9 & 10. Plaintiff filed new state court lawsuits in response to each of Defendant's Rule 736 Applications. *See, e.g.,* Def. MSJ App. at 262. On November 1, 2012, Defendant sent Plaintiff a notice of rescission which advised that it had rescinded the acceleration of the debt that occurred in 2009. Def. MSJ App. at 166-68; Pl. MSJ App., Ex. 11. Defendant then sent another notice of default on November 7, 2012 and a notice of acceleration on December 28, 2012. Def. MSJ App. at 170-73, 175-78. Defendant also filed another Rule 736 Application on March 18, 2013. Def. MSJ App. at 180-235.

Plaintiff, proceeding *pro se*, filed the instant lawsuit on May 28, 2013. Defendant timely removed the case to federal court on the basis of diversity jurisdiction.[2] Plaintiff subsequently

---

[2] Diversity jurisdiction is proper because Plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

obtained counsel and filed an amended complaint in which he alleges that Defendant did not acquire the Note and Deed of Trust in compliance with the terms of the Pooling and Service Agreement ("PSA") that govern the trust which holds the Loan. Pl. First Am. Compl. (Doc. 8) at 4-5, ¶¶ 12-19. As a result, the assignment of the Note to the trust is allegedly void, and Defendant and has no right to invoke the power of sale under the Deed of Trust. Pl. First Am. Compl. at 7, ¶¶ 27-29. Plaintiff also alleges that the Note was first accelerated more than four years ago and Defendant is now barred by the applicable statute of limitations from foreclosing on the Property. Pl. First Am. Compl. at 6, ¶¶ 21-24 & 7, ¶ 26. By this lawsuit, Plaintiff seeks (1) a declaratory judgment that Defendant may not foreclose on the Property, (2) title to the Property free and clear of Defendant's lien, and (3) attorney's fees.

The parties have filed cross-motions for summary judgment. Defendant contends that all of Plaintiff's claims are barred by the doctrine of res judicata and, alternatively, that Plaintiff's allegations that Defendant lacks standing to foreclose and that the statute of limitations has run fail on the merits. Plaintiff disputes that his claims are barred by res judicata and moves for summary judgment on grounds that the evidence establishes that the statute of limitations has run on Defendant's ability to foreclose on the Property. The issues have been fully briefed, and the motions are ripe for determination.

**Legal Standards**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment who does not have the burden of proof at trial need only point

to the absence of a genuine fact issue. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). By contrast, a movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

**Analysis**

**Defendant's Authority to Foreclose**

The Court initially determines that Defendant is entitled to summary judgment on Plaintiff's claims that Defendant lacks authority to foreclose on the Property because the assignment of the Loan to the trust allegedly violated the terms of the PSA. *See* Pl. Am. Compl. at 4-5, ¶¶ 12-19 & 7, ¶¶ 27-31. Plaintiff's complaint alleges that the PSA established August 30, 2004 as the trust's closing date, but the assignment of his Loan to the trust did not occur until September 10, 2012. *Id.* at 5, ¶ 15. The PSA also allegedly required the trust to acquire its assets only from the Residential Asset Securities Corporation, not Defendant. *Id.*, ¶ 17. Plaintiff contends that these alleged violations of the PSA render the assignment of his Loan to the trust void under applicable New York law. *Id.*, ¶ 18. In its summary judgment motion, Defendant argues that Plaintiff lacks standing to

5

challenge the assignment of his Loan to the trust. Def. MSJ Br. at 14. Defendant further argues that, even if the assignment of his Loan violated the PSA, such a violation would not render the assignment void. *Id.* at 14-15.

Plaintiff abandoned his claims arising out of any alleged violation of the PSA by failing to address Defendant's arguments in his summary judgment response. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim deemed abandoned when party failed to pursue it beyond initial pleading); *Martin v. Fed. Nat'l Mortg. Ass'n*, No. 3:12-CV-2768-M-BF,2013 WL 4494523, at *4 (N.D. Tex. Aug. 22, 2013) (same). Even if Plaintiff had not abandoned his claims, Defendant would still prevail on the merits. The Fifth Circuit has repeatedly held that a borrower cannot challenge the transfer of his loan to a trust based on alleged violations of the PSA governing the trust unless he first establishes that he was a party to or an intended third-party beneficiary of the PSA. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) (borrowers who were not third-party beneficiaries of the PSA lacked standing under Texas law to challenge assignments that violated the PSA because they occurred after the PSA's closing date); *see also Svoboda v. Bank of Am., N.A.*, 571 F. App'x 270, 273 (5th Cir. 2014) (same); *Sigaran v. U.S. Bank Nat'l Ass'n*, 560 F. App'x 410, 413 (5th Cir. 2014) (same). Plaintiff does not argue – much less establish – that he is a third-party beneficiary. Further, the alleged violations of the PSA would not automatically render the loan assignments void, but would merely entitle Plaintiff to sue for breach of the PSA. *Reinagel*, 735 F.3d at 228. The result is the same under New York law. *See, e.g., Svoboda*, 571 F. App'x at 273 (holding that, even under New York law, transfer of borrower's mortgage to a trust allegedly in violation of several terms of the PSA would merely make such a transaction voidable); *Sigaran*, 560 F. App'x at 413 (same).

6

Plaintiff fails to address any of the applicable authority and does not make any substantive response to Defendant's arguments. Pl. MSJ Resp. (Doc. 23) at 7. Nor does he offer any evidence to controvert the recorded assignments which establish Defendant's chain of title in the Deed of Trust. Plaintiff has thus failed to raise a genuine dispute that he has standing to challenge the assignment of his Loan to the trust, and Defendant is entitled to summary judgment on Plaintiff's claims that Defendant lacks authority to foreclose on the Property because the assignment of the Loan to the trust allegedly violated the terms of the PSA.

### Res Judicata

The Court next considers whether Plaintiff's remaining claims that Defendant cannot foreclose on the Property because the statute of limitations has expired are barred by the doctrine of res judicata. This determination is governed by Texas law. *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 685-86 (S.D. Tex. 2014), *aff'd*, 582 F. App'x 279 (5th Cir. 2014) (quoting *E.D. Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982)) ( "A federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation."). In Texas, res judicata "prevents the relitigation of a claim or cause of action that was adjudicated and resolved by a final judgment, as well as all related matters that with the use of diligence could or should have been litigated in the prior suit." *Hill v. Tx-An Anesthesia Mgmt., LLP*, 443 S.W.3d 416, 424 (Tex. App. -- Dallas 2014, no pet.) (citing cases). The doctrine is an affirmative defense, TEX. R. CIV. P. 94, and the party claiming the defense must prove "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co.*

*of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). With respect to the third element, Texas follows the "transactional approach." As the Texas Supreme Court explained:

> Under the transactional approach . . . , a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. . . . [A] final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. Determining the scope of the 'subject matter' or 'transaction' of the prior suit requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action. This should be done pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage. Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit.

*Id*.

Here, the first two elements of res judicata are easily met. This is the second lawsuit filed by Plaintiff against his lender arising out of foreclosure proceedings initiated against the Property. In the 2006 Lawsuit, Plaintiff alleged that JPMC and HFN did not have the right to foreclose due to deficiencies in the Note and Deed of Trust and because certain provisions of the Deed of Trust violated the Texas Constitution. JPMC and HFN defended their right to foreclose and obtained a final summary judgment against Plaintiff from a court of competent jurisdiction. Although Defendant was not a party to the 2006 Lawsuit, it is the successor to JPMC and the assignee of the Loan and Deed of Trust. This relationship is sufficient to establish privity for res judicata purposes. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (holding that a party can be in privity if, among other things, its interests were represented by a party to the original action or it is

a successor-in-interest, deriving its claim through a party to the prior action); *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234-35 (Tex. App.--Houston [1st Dist.] 2014, no pet.) (holding that identity of interests between assignor and assignee in chain of title to disputed property sufficient to establish privity); *see also Butts v. JP Morgan Chase Bank*, No. 3:11-CV-2542-M-BD, 2011 WL 7109344, at *2 (N.D. Tex. Dec. 28, 2011), *rec. adopted*, 2012 WL 258269 (N.D. Tex. Jan. 27, 2012) (holding that assignor of promissory note and deed of trust shared an identity of interests with assignee in the "basic legal right that [was] the subject of litigation" that was sufficient to establish privity for res judicata purposes).

With respect to the final element of res judicata, however, Plaintiff's claim that Defendant cannot foreclose on the Property because the statute of limitations has expired does not arise out of the "same nucleus of operative facts" as the claims asserted in the 2006 Lawsuit. In the prior action, all of Plaintiff's claims arose out of alleged deficiencies in the Note and Deed of Trust and a nucleus of facts that occurred prior to the 2006 Acceleration. Plaintiff's new claim arises out of a different nucleus of facts that could not have been raised in the 2006 Lawsuit because the statute of limitations had only began to run. Accordingly, Plaintiff's remaining declaratory judgment claim is not barred by res judicata, and Defendant is not entitled to summary judgment on this ground.

### Statute of Limitations

Finally, the Court considers whether Texas's four-year statute of limitations for liens on real property bars Defendant's most recent attempt to foreclose on the Property. Section 16.035 of the Texas Civil Practice and Remedies Code provides that "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four

years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b).[3] Upon the expiration of the limitations period, "the real property lien and a power of sale to enforce the real property lien become void." *Id.*, § 16.035(d). A cause of action accrues, and the limitations period begins to run, from an installment note's maturity date or the date of the note's acceleration. *Id.*, § 16.035(e); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001). Effective acceleration requires (1) notice of intent to accelerate and (2) notice of acceleration. *Wolf*, 44 S.W.3d at 566; *see also Rabo Agrifinance, Inc. v. Terra XXI Ltd.*, 257 F. App'x 732, 734 (5th Cir. 2007). Both notices must be clear and unequivocal. *Wolf*, 44 S.W.3d at 566.

Here, it is undisputed that Plaintiff's Note was initially accelerated in January 2006. Pl. MSJ Br. at 2; Def. MSJ Br. at 6. *See* also Def. MSJ App. at 66-68. The summary judgment evidence establishes that Plaintiff's loan servicer sent him a notice of default and intent to accelerate on November 17, 2005. Def. MSJ App. at 63-64. The Note holder then accelerated the maturity date of the Note, and, on January 17, 2006, MERS filed an application for an order allowing foreclosure pursuant to Tex. R. Civ. P. 736. Pl. MSJ App., Ex. 2A at 2, ¶ 4.d. Plaintiff's notice of the Rule 736 proceedings constitutes notice of the acceleration. *Burney v. Citigroup Global Mkts. Realty Corp.*, 244 S.W.3d 900, (Tex. App. -- Dallas 2008, no pet.) (notice of filing an expedited application for

---

[3] Defendant argues that both the "current suit to foreclose" and the "2006 suit to foreclose" are timely pursuant to section 16.035(a), which provides that "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." *See* Def. MSJ Br. at 16; TEX. CIV. PRAC. & REM. CODE § 16.035(a). However, Defendant's Rule 736 applications are not "suits to foreclose." Under Texas law, a Rule 736 application for expedited foreclosure is a *non-judicial* proceeding. *Callan v. Deutsche Bank Trust Co. Am.*, --- F. Supp. 2d ----, 2014 WL 1314831, at *3 (S.D. Tex. Mar. 27, 2014) (treating Rule 736 proceeding as nonjudicial foreclosure); *see also Hearn v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-CV-2417-B, 2014 WL 4055473, at *4 (N.D. Tex. Aug. 15, 2014) (expressing doubt that the Rule 736 procedure for securing an order permitting foreclosure on a home equity loan constitutes a judicial foreclosure); *Hutson v. U.S. Bank, N.A.*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (distinguishing application for Rule 736 order from claim for judicial foreclosure; "While both options require judicial oversight, the Rule 736 order provides a streamlined process for a lender to obtain an order and foreclose its lien non-judicially through its bargained-for rights in the security instrument."). Accordingly, section 16.035(b) provides the applicable statute of limitations.

foreclosure after the requisite notice of intent to accelerate the amount of debt in a home equity note secured by a deed of trust constitutes notice of acceleration). The acceleration was thus effective -- and Defendant's cause of action for a sale of the Property under the power of sale in the Deed of Trust accrued -- in January 2006. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(b).

Defendant contends, however, that actions taken since January 2006 show that the initial acceleration was abandoned. Def. MSJ 17-19. Abandonment has the effect of restoring the contract to its original condition, including restoring the note's original maturity date. *Wolf*, 44 S.W.3d at 567. Abandonment can be accomplished by agreement or by the parties' actions. *Id.*; *Khan v. GBAK Props., Inc.*, 372 S.W.3d 347, 353 (Tex. App. -- Houston [1st Dist.] 2012, no pet.). Joint action of the parties is not required to abandon the acceleration; a lender may abandon acceleration unilaterally through its own actions. *See Clawson v. GMAC Mortg., LLC*, No. 3:12-CV-00212, 2013 WL 1948128, at *4 (S.D. Tex. May 9, 2013) (citing cases for proposition that lender may abandon acceleration "without express agreement from the borrower"). For example, a lender can abandon acceleration by accepting payments while not pursuing other remedies. *Wolf*, 44 S.W.3d at 566-67 (stating that a noteholder can abandon acceleration by accepting payments without exacting any other remedies available to it). Here, the summary judgment record includes, among other things, evidence that Defendant sent Plaintiff a notice of default in May 2008 which states that a sum less than the full amount of the Loan is due and thus indicates that Defendant had abandoned its prior acceleration. Def. MSJ App. at 70-71. While this limited evidence does not establish *beyond peradventure* that Defendant actually abandoned the 2006 Acceleration and effectively communicated that fact to Plaintiff, it is sufficient to create a genuine dispute of material fact as to the issue of abandonment. *See Boren v. U.S. Nat. Bank Ass'n*, No. H-13-2160, 2014 WL 6892553,

11

at *4 (S.D. Tex. Sep. 8, 2014) (holding that new intent-to-accelerate letter reflecting an unaccelerated balance was sufficient to put borrower on notice that prior acceleration had been abandoned); *Leonard v. Ocwen Loan Servicing, LLC*, No. H-13-3019, 2014 WL 4161769, at *5 (S.D. Tex. Aug. 19, 2014) (same as to post-acceleration account statements mailed to borrower showing less than the total amount of the loan due). Accordingly, neither party is entitled to summary judgment on the issue of whether Texas's four-year statute of limitations for liens on real property bars Defendant's most recent attempt to foreclose on the Property.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's motion for summary judgment (Doc. 19) be GRANTED in part and DENIED in part, and Plaintiff's motion for summary judgment (Doc. 21) be DENIED.

The District Court should DISMISS with prejudice Plaintiff's claims that Defendant has no right to invoke the power of sale because of flaws in the chain of title for the Note and Deed of Trust and set Plaintiff's remaining claims for trial.

SO RECOMMENDED, December 16, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).