IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| H. WAYNE MEACHUM,       § | |
| § | |
| Plaintiff,       § | |
| § | |
| v.       § | Civil Action No. 3:13-CV-2322-N |
| § | |
| THE BANK OF NEW YORK MELLON § | |
| TRUST COMPANY N.A. f/k/a THE § | |
| BANK OF NEW YORK TRUST § | |
| COMPANY,       § | |
| § | |
| Defendant.       § | |

# **ORDER**

The Court has under consideration the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [26] as to Defendant the Bank of New York Mellon Trust Company N.A. f/k/a the Bank of New York Trust Company's ("BONYM") motion for summary judgment [19], and Plaintiff H. Wayne Meachum's motion for summary judgment [21]. BONYM has filed objections, and Meachum filed a response to those objections. After a de novo review of those portions of the Findings, Conclusions, and Recommendation to which objection was made, the Court sustains BONYM's objection. Consequently, the Court grants BONYM's motion for summary judgment and denies Meachum's motion for summary judgment.[1]

---

[1]The Court adopts the facts as set out in the Findings, Conclusions, and Recommendation, as well as the analysis and conclusion as to Meachum's motion for summary judgment.

ORDER – PAGE 1

BONYM objects to the Magistrate Judge's recommendation that BONYM's motion be denied as to Meachum's allegation that the statute of limitations bars BONYM from foreclosing. Specifically, the Magistrate Judge determined there was insufficient evidence to establish beyond peradventure that BONYM had abandoned its acceleration of Meachum's note such that the statute of limitations reset.[2] *See* Findings, Conclusions, and Recommendation 9–12. While acknowledging that BONYM sent Meachum notices of default stating that less than the full amount of the note were due, the Magistrate Judge nevertheless concluded that this was merely enough to create a question of fact as to whether BONYM had effectively abandoned acceleration. *See id.* at 11.

Two cases cited by the Magistrate Judge are particularly applicable to this dispute. In *Leonard v. Ocwen Loan Servicing, LLC*, 2014 WL 4161769 (S.D. Tex. 2014), the court held that a lender had abandoned acceleration by sending subsequent account statements listing less than the full amount as due, "thus put[ting borrowers] on notice that [the lenders] were no longer seeking to collect the full balance of the note." *Id.* at *4–5. Similarly, in *Boren v. U.S. Nat. Bank Ass'n*, 2014 WL 6892553 (S.D. Tex. 2014) (Johnson, Mag. J.), *recommendation adopted in relevant part*, 2014 WL 5486100 (S.D. Tex. 2014), the court concluded a lender had abandoned acceleration where it sent subsequent notice-of-default letters listing less than the full amount as due, and when it sent subsequent notice-of-intent-

---

[2] As discussed in the Findings, Conclusions, and Recommendation, the power of sale pursuant to a real property lien is subject to a four year statute of limitations that runs from an installment note's maturity date, or from the date of the note's acceleration. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 16.035.

to-accelerate letters. *Id.* at *3–4. The Court finds *Leonard* and *Boren* sufficiently similar to this action to conclude BONYM abandoned its initial January 2006 acceleration.

As in *Leonard* and *Boren*, the factual record in this case establishes that BONYM abandoned the January 2006 acceleration. After BONYM accelerated the loan in January 2006, BONYM sent a notice of default in May 2008 that listed an amount less than the full amount of the note as due. Def.'s Mot. Summ. J. App. 070–071. Furthermore, BONYM also sent a subsequent notice-of-intent-to-accelerate letter in September of 2009. *Id.* at 114–115. The Court finds the May 2008 notice of default and the subsequent notice-of-intent-to-accelerate letter were sufficient to "put [Meachum] on notice that [BONYM was] no longer seeking to collect the full balance of the note." *Leonard*, 2014 WL 4161769, at *4–5.

Meachum argues *Leonard* and *Boren* are distinguishable because in this case, BONYM went so far as to procure a judicial foreclosure order. Pl.'s Resp. to Def.'s Objections 3 [29]. It would be bad public policy, Meachum argues, to force a borrower to rely on subsequent default notices when a lender has gone so far as to procure a foreclosure order. However, even the well-established methods of unilateral abandonment, such as continuing to accept payments,[3] could conceivably force the borrower into the same uncomfortable situation. In much the same way as continuing to accept late payments, a subsequent notice of default for less than the full amount effectively communicates to the borrower that the lender no longer considers the note accelerated. Accordingly, the Court

---

[3] *See, e.g.*, *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001).

holds BONYM has established beyond peradventure that it abandoned its January 2006 acceleration.

The Court adopts in part the Magistrate Judge's Findings, Conclusions, and Recommendation. The case background and legal standards are adopted in full. The recommendation as to Meachum's motion for summary judgment is adopted in full. The recommendation as to BONYM's motion for summary judgment is adopted in part as discussed above. The Court grants BONYM's motion for summary judgment in full. BONYM has standing to foreclose, and its right to foreclose is not barred by the statute of limitations.

Signed February 20, 2015.

_____
David C. Godbey
United States District Judge